NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0411n.06
Filed: May 17, 2005

No. 04-3629

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

HANSON AGGREGATES DAVON, INC.,  )
                                )
    Plaintiff-Appellant,        )
                                )
v.                              )  ON APPEAL FROM THE UNITED
                                )  STATES DISTRICT COURT FOR THE
UNITED MINE WORKERS OF AMERICA  )  SOUTHERN DISTRICT OF OHIO
COMBINED BENEFIT FUND, et al.,  )
                                )
    Defendants-Appellees.       )

Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

**PER CURIAM.** The plaintiff, Hanson Aggregates Davon, Inc. (referred to throughout the litigation as Davon, its pre-merger name), brought this action against United Mineworkers of America Combined Benefit Fund to retrieve payments Davon made to the Fund under a provision of the Coal Industry Retiree Health Benefit Act (Coal Act), 26 U.S.C. §§ 9701, *et seq.*, since held to be unconstitutional by the Supreme Court. *See Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998). Davon appeals the district court's judgment dismissing the complaint for failure to state a claim upon which relief may be granted.

The district court determined that Davon was bound by the judgment entered against it in a previous action in which Davon unsuccessfully attacked the constitutionality of the scheme in the Seventh Circuit, prior to the Supreme Court's ruling in *Eastern Enterprises*. In order to avoid application of the doctrine of *res judicata*, Davon relied on a notice from the Commissioner of Social Security in the wake of the *Eastern Enterprises* opinion, indicating that the beneficiary assignments previously made under the Coal Act were void. Characterizing this notice as a "material operative fact" that defeats the third and fourth elements of the test for res judicata, Davon brought this action for restitution based on the "federal common law" developed under ERISA. Davon concedes, however, that this is not an ERISA case. In fact, the notice from the Social Security Administration, however characterized, is not a *judicially* material fact, and the complaint in this case reflects only a different theory of recovery, not a separate and distinct cause of action.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order filed March 26, 2004.